

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Attention: Mr. W. K. Richardson

Dear Sir:

Opinion No. 0-5571
Re: Under the present juvenile
law, is a juvenile a compe-
tent witness?

This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department on the
above stated question. We quote in part from your letter as
follows:

"The following question has been submitted to
this office by an official of this county, and we
are submitting same for your opinion:

"'Is a juvenile, by reason of the present
juvenile law, which is not criminal in nature,
but is a procedure in the nature of guardian-
ship, a competent witness?'

"..."

After carefully reading the references and author-
ities submitted with your request, it appears the query is:
that our Constitution requires all oaths and affirmations be
taken subject to pains and penalties of perjury; Section 5,
Article I, Texas Constitution; that all witnesses must take an
oath or affirmation to testify to the truth; that the pains and
penalties of perjury are two to ten years in the penitentiary;
that our delinquent child law is not a criminal action but
rather a procedure in nature of guardianship and is an exclu-
sive procedure so far as juveniles coming within its scope are
concerned; that juveniles under our delinquent child law are
not subject to criminal prosecution; therefore, is a juvenile
a competent witness?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is true that under our present delinquent child law, which is the sole procedure to be applied to juveniles coming within its purview, that such a juvenile is not tried in a criminal proceeding but in a proceeding in nature of guardianship and is not subject to criminal prosecution. We do not think this method of handling juveniles can be said to immune them from the pains and penalties of perjury. We quote in part from our delinquent child law:

"    . . . .

'. . . The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"    . . . .

". . . and if the Judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order duly entered proceed as follows:

"(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine;

"(2) commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children; or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years;

"(3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided.

"    . . . ."

It is quite evident that a child who commits the offense of perjury, which is a felony, is subject to the pains and penalties therefor in the nature of being tried as a delinquent child and if adjudged as such, to be handled in the manner as above set forth in our quotation from the delinquent child law. In other words, a juvenile within the scope of the delinquent child law is subject to the pains and penalties of perjury, not in the sense of being tried and punished as a criminal, but in the sense of being tried and handled as a delinquent child. If a juvenile did perjure as a witness, the facts causing his testimony to be an act of perjury are the same which would constitute an act of perjury on the part of an adult. The present delinquent child law merely changed the mode of trial and manner of punishment so far as a juvenile is concerned who commits an offense against the law of the land.

This identical question was raised in the case of Williams v. State, 225 S. W. 173, under our old delinquent child law whereby it was optional with the juvenile whether he would be tried as a delinquent child or for the crime itself. The contention was made that since a child could choose between being tried as a delinquent child or for the offense committed, and he chose the former, he, not being subject to the pains and penalties, was not a competent witness. The court answered this as follows:

". . . This would not relieve prosecutrix of conviction for perjury under an indictment charging that offense, unless she did in some manner claim the exemption under the delinquent child act. If that was set up, then the court would dismiss the case of perjury and try her under the Acts of the Fourth Called Session of the Legislature, supra. It would be as much a violation of the law in one case as in the other. The facts would be the same and the perjury the same, but under the delinquent child act she would be entitled to be sent to the reformatory instead of the penitentiary. It changed the manner of enforcing the law, but does not change the crime nor the necessary facts. It changes the manner of trying it and the manner of charging it, but the offense would be the same so far as the act of the child in testifying is concerned. It does not relieve her of punishment, but changes the place of punishment and the mode of trial. . . ."

Honorable Dan W. Jackson, page 4


It is therefore the opinion of this department that if the prerequisites are met which qualify a juvenile as a competent witness, the fact he is within the purview of the delinquent child law will not cause his disqualification as a competent witness.

APPROVED OCT 14, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

ROK:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Robert O. Koch
Robert O. Koch
Assistant

